United States District Court
Southern District of Texas
**ENTERED**
June 23, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT    SOUTHERN DISTRICT OF TEXAS

William Farrington, §
§
　　　　　Plaintiff, §
§
versus § Civil Action H-19-3546
§
BackChina, LLC, §
§
　　　　　Defendant. §

## Opinion on Partial Summary Judgment

1. *Background.*

William Farrington is a photographer with a standing contract with the *New York Post*. Farrington's contract says that the *Post* receives a discounted non-exclusive editorial license for the photographs. Farrington retains the other licensing rights. In 2017, Farrington learned that some of his photographs had been published on websites operated by BackChina, LLC.

　　A.　*Bridge Shelter Image.*

On April 15, 2014, the *New York Post* published Farrington's photograph of a homeless man's small shelter under the Manhattan Bridge. Farrington registered the image with the United States Copyright Office with an effective copyright date of September 29, 2016. On April 16, 2014, BackChina published an article with the bridge shelter image without paying.

B.  *The Guangbiao Image.*

On June 25, 2014, the *Post* published his photographs of Chinese billionaire Chen Guangbiao offering $100 bills to strangers. Farrington registered the image with the Copyright Office with an effective copyright date of September 29, 2016. On June 25, 2014, BackChina published an article with the Guangbiao images without paying.

C.  *The Nightclub Image.*

On July 10, 2016, the *Post* published Farrington's photograph of a man after he was found in a nightclub bound with electrical wire. Farrington registered the image with the Copyright Office with an effective copyright date of August 2, 2016. On July 12, 2016, BackChina published an article with the nightclub image without paying.

D.  *The Bike-Path Image.*

On October 31, 2017, the *Post* published Farrington's photograph of a bicyclist injured in a terror attack. Farrington registered the image with the Copyright Office with an effective copyright date of December 3, 2017. On November 1, 2017, BackChina published an article with the bike-path image without paying.

E.  *The Murder-Suicide Image.*

On November 1, 2017, the *Post* published two of Farrington's photographs of a murder-suicide scene. He registered the image with the United States Copyright Office with an effective copyright date of December 3, 2017. On November 2, 2017, BackChina published an article with the murder-suicide images without paying.

BackChina operates Chinese news websites that publish their original articles and translate articles from other sources. BackChina posts banner

advertisements with the articles at the top and bottom of the webpage. By its terms and conditions, BackChina claims the right to edit, to refuse to post, or to remove any information or materials from its websites. It may also restrict, suspend, or terminate users' access to its websites. In the past, Farrington has licensed the use of his photographs to another Chinese language publication for $2,000, but he did not license the use of these photographs to BackChina.

2. *Vicarious Liability.*

To establish vicarious liability, Farrington must show that BackChina (a) has a financial interest in the infringement and (b) can control the infringement.

BackChina's terms and actions show its control over the content of its websites. BackChina benefitted financially from its articles such as the attached banner advertisements to the webpages. Also, because BackChina did not contest this, it has conceded it.

3. *Copyright Infringement.*

To succeed on a copyright infringement claim, Farrington must show that: (a) he owns a copyright, and (b) BackChina copied the constituent elements of the work that owes its origin to him.[1]

BackChina does not dispute that Farrington owned a valid copyright on the images. He registered the photographs with the Copyright Office within five years of their publication.

BackChina does not dispute that it displayed Farrington's photographs on its websites without a license, so it infringed his copyright.

4. *Fair Use.*

BackChina originally asserted seven affirmative defenses, but it abandoned all but one, fair use. To determine whether a use is fair, courts must

---

[1] *Feist Pubs., Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

weigh four factors: (a) the purpose and character of the use; (b) the nature of the copyrighted work; (c) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (d) the effect on the value of the copyrighted work.[2]

A. *The purpose and character of the use.*

The distinction between nonprofit and profit is whether the user stands to financially benefit from the exploitation without paying a customary price.[3] BackChina says that its stories are valuable because of their content, and Farrington's images simply add context. Farrington's photographs do more than add "context" to the story; they add drama, power, and detail. BackChina profited from Farrington's images because it posted two banner advertisements with them. BackChina did not hire a photographer or pay a licensing fee by posting the unlicensed images. This factor weighs against a finding of fair use.

B. *The nature of the copyrighted work.*

BackChina argues that the content of Farrington's images favors fair use because they captured public events. BackChina says that Farrington did not pose any models or arrange any objects; but Farrington made creative decisions like deciding what equipment to use, choosing the location, and framing the subject. This factor weighs against a finding of fair use.

C. *The amount and importance of the portion used in relation to the copyrighted work as a whole.*

BackChina argues that it merely used what was necessary of Farrington's images to give context. By acknowledging that parts of Farrington's photos were

---

[2] 17 U.S.C. § 107.

[3] *Harper & Row Publishers, Inc v. Nation Enterprises*, 471 U.S. 539, 562 (1985).

necessary to give the articles context, BackChina gave his photographs value. BackChina also did not just use portions of Farrington's photographs. It used exact duplicates, sometimes twice in one article. This factor weighs against a finding of fair use.

D. *The effect on the value of the copyrighted work.*

BackChina argues that Farrington cannot identify a sale or license he lost because of BackChina's infringement. In fact, Farrington lost the opportunity to license the use of the photographs to BackChina because it posted his images without a license. BackChina also argues that Farrington did not show that the use of his images would cause further copyright infringement. BackChina removed the photographs upon request, but the images were still online for years before the lawsuit. BackChina says that it would not be willing to pay a licensing fee for the photographs, but what the infringer would pay is irrelevant. This factor weighs against a finding of fair use.

5. *Conclusion.*

BackChina, LLC, will be liable for copyright infringement.

Signed on June **23**, 2021, at Houston, Texas.

Lynn N. Hughes
United States District Judge